```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                            AT NASHVILLE

CHARLES W. REED #88172,             )
                                    )
        Plaintiff                   )
                                    )      No. 3:16-0874
v.                                  )      Judge Trauger/Brown
                                    )
UNIT MANAGER DEATHROW;              )
MARK EMKES, CCA, CEO,               )
                                    )
        Defendants                  )
```

**TO:   THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obey Court orders and to prosecute. The Magistrate Judge further recommends that any appeal from this dismissal not be certified as taken in good faith.

## BACKGROUND

The Plaintiff filed his complaint on May 11, 2016, against Unit Manager Deathrow and CCA CEO Mark Emkes alleging that although he was classified for general population, that he had been discriminated against by the Unit Manager by being selected to be placed in a higher security unit where he was locked down 19 hours per day for a period of time. Both Defendants were sued only in their official capacities. Although the Plaintiff used the form for a 1983 complaint, he also attached a complaint in a more traditional form.

The second attached pleading repeated essentially the same matters as contained in the first pleading. The Magistrate Judge would note that although the Plaintiff complained that he was discriminated against by the Unit Manager, he gives no factual basis as to the basis of discrimination, whether it was race, sex, or national origin. He simply states Deathrow discriminated against him. He makes no factual allegations as to what part, if any, the CCA CEO played in the matter.

The Plaintiff did not file an application to proceed *in forma pauperis* and was directed (Docket Entry 3) to either submit the $400 filing fee or to submit an application to proceed *in forma pauperis*. In the order the Plaintiff was specifically warned that his case could be dismissed if he failed to properly notify the Court of any change in address or did not comply with the time frames specified in Court orders.

The Plaintiff subsequently filed the necessary documents to proceed *in forma pauperis* and on initial review (Docket Entry 7) the case was allowed to proceed against the two Defendants. The Clerk was directed to send a service packet to the Plaintiff. The Plaintiff was directed to return the service packet within 21 days of the entry of the order. The order was entered on June 20, 2016. The Plaintiff was specifically warned that failure to comply could jeopardize his prosecution of the action.

The matter was referred to me for case management and for a report and recommendation on any dispositive matter. I was also

allowed to recommend a dismissal of any Defendant for the reasons set forth in 28 U.S.C. § 1915(e)(2).

**LEGAL DISCUSSION**

As an initial matter, having read Docket Entry 1 in its entirety, I must conclude that the Plaintiff fails to allege any facts which would justify continuing this action against Mark Emkes the CEO of CCA. The Plaintiff simply fails to point to any facts which show any action by Mr. Emkes. Mr. Emkes is sued in his official capacity and under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1968), a suit against a defendant in his official capacity is a suit against the municipality and the municipality cannot be held liable under § 1983 under the *respondeat superior* theory. There is simply no allegation anywhere in the complaint that Mr. Emkes took personal action in the matter or that he approved the conduct of the employee Deathrow. An action in federal court may be dismissed for failure to state a claim on which relief may be granted. Federal Rule of Civil Procedure 12(b)(6).

In assessing the adequacy of a complaint, the Court is required to construe the complaint in a light most favorable to the Plaintiff, accept the Plaintiff's factual allegations as true, and determine "whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible along its face'." *Heinrich v. Waiting Angels Adoption Service, Inc.*, 668 F.3d 393, 403 (6th Cir. 2012, quoting *Ashcroft*

*v. Iqbbal*, 556 U.S. 662, 678 (2009)). In this case the Plaintiff has simply failed to allege any facts concerning Mr. Emkes.

As of the date of this report and recommendation the Plaintiff has failed to return the blank summonses and United States Marshals' Forms 285 for the Clerk to issue service of process. Without service of process the case cannot proceed against either Defendant.

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was specifically warned by the Court of the need to return service packets and that failure to do so could jeopardize the prosecution of his case. The Plaintiff failure to return the service packets appears willful. Without service of process on a defendant the Court cannot proceed with the case and cannot enter a scheduling order.

Under these circumstances the Magistrate Judge believes that dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases toward resolution. The District Court has the power to dismiss an action for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 630-31 (1962).

I have considered the less drastic sanction of dismissal without prejudice rather than dismissal with prejudice, and will recommend the lesser sanction as to the Defendant Deathrow. I do recommend that the claims against Mr. Emkes be dismissed with prejudice for failure to state a cause of action. If the recommendation as to dismissal on those grounds is rejected, I would still recommend dismissal as to Mr. Emkes without prejudice for the reason of failing to prosecute.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends the case be dismissed with prejudice as to the Defendant Mark Emkes and dismissed without prejudice as to the Defendant Deathrow.

The Magistrate Judge further recommends that any appeal on the dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this

5

Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

  **ENTER** this 27th day of July, 2016.

           /s/ Joe B. Brown
           JOE B. BROWN
           United States Magistrate Judge