IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES W. REED #88172, )
)
    Plaintiff, )
)
v. ) Case No. 3:16-cv-00874
)
UNIT MANAGER DEATHROW, et al., ) Judge Trauger
)
    Defendants. )

## ORDER

Pending before the court are a Report and Recommendation ("R & R") of the Magistrate Judge (Docket Entry No. 14) and Objections filed by the plaintiff. (Docket Entry No. 17.)

The Magistrate Judge has determined that the plaintiff has failed to articulate any personal involvement by Mark Emkes sufficient to state a claim against him under 42 U.S.C. § 1983 and has recommended that Emkes be dismissed from this action. In his objection, the plaintiff states that Emkes "could be held responsible for the acts and omissions of Defendant Deathrow and can correct Defendant Deathrow to do right and his behaviors." (Docket Entry No. 17, at 1–2.) This statement confirms that the plaintiff has sued Mr. Emkes solely because he considers Emkes to be another defendant's supervisor, but that fact does not make Emkes liable for an employee's actions under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for liability under § 1983). The Sixth Circuit has explained that liability under § 1983 "must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)). Plaintiff has not alleged any such involvement by Emkes. Moreover, the plaintiff has not alleged that any constitutional violation in this case was the result of any official corporate

policy or custom, as necessary to establish Emkes's liability in his official capacity. *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Accordingly, the plaintiff's objection with respect to Emkes is overruled, the Magistrate Judge's recommendation that Emkes be dismissed is **adopted and approved**, and the plaintiff's claim against Emkes is **DISMISSED** with prejudice for failure to state a claim.

The Magistrate Judge has also recommended that the plaintiff's remaining claim against Deathrow be dismissed without prejudice for failure to prosecute, due to the plaintiff's failure to timely return service packets. On June 20, 2016, the court ordered the plaintiff to complete and return the packets within 21 days, making them due on July 11. (Docket Entry No. 7.) On July 28, 2016, the court received and returned a service packet that the plaintiff submitted incorrectly. Although the plaintiff did not comply properly or timely with the court's order, he has made efforts to have the defendants served, and the record reflects that summons has been executed upon Deathrow as of August 22, 2016. (Docket Entry Nos. 21, 22.) Therefore, in the interests of judicial economy and the expedient resolution of the plaintiff's remaining claim, the court **rejects** the recommendation to dismiss the plaintiff's claim against Deathrow for failure to prosecute. The plaintiff is cautioned, however, that any further failure to comply with the court's orders or deadlines may result in the dismissal of his action.

This matter is returned to the Magistrate Judge for further proceedings in accordance with the court's order of June 20, 2016.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge