UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHARLES W. REED #88172, )<br>)<br>Plaintiff )<br>) | |
| ) | No. 3:16-0874 |
| v. ) | Judge Trauger/Brown |
| ) | **Jury Demand** |
| UNIT MANAGER f/n/u DEATHROW, )<br>CHARLTON DETHROW, )<br>) | |
| Defendant ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Defendant Dethrow's motion for summary judgment (Docket Entry 79) be granted and this case be dismissed with prejudice. It is further recommended that any appeal from the decision dismissing this case not be certified as taken in good faith.

### BACKGROUND

The Plaintiff filed his complaint against two Defendants on May 11, 2016 (Docket Entry 1). On initial review (Docket Entry 7) the Plaintiff was allowed to proceed *in forma pauperis* and his complaint was reviewed for sufficiency. Given the lenient standards for initial review the Plaintiff's case was allowed to proceed. In his complaint the Plaintiff alleged that although he was classified for medium security he was housed in a high security unit and locked down for 19 hours a day from October 20, 2015, until

November 12, 2015, and since February 7, 2016, to the date of the filing of his complaint on May 11, 2016.

As part of the initial review, taking the Plaintiff's allegations as true and construing the facts liberally in his favor, the Court found that the complaint may state a culpable claim against the Defendants for violation of the Plaintiff's right to due process and directed service of process (Docket Entry 7, pp. 4 and 5).

The review also directed the undersigned to conduct case management and to prepare a report and recommendation as to any dispositive matter. Subsequently, on July 7, 2016, the undersigned recommended that the case be dismissed for failure of the Plaintiff to obey Court orders and to prosecute. The report and recommendation noted that there was simply no allegation anywhere in the complaint that the president of CCA (now CoreCivic), Mr. Emkes (CCA CEO), had any personal involvement in the matter.

As to the present Defendant Dethrow, the report and recommendation recommended dismissal because the Plaintiff had failed to return blank summonses and the Marshal's Form 285 for the Clerk to issue service of process.

The report and recommendation noted that the Plaintiff had been specifically warned of the consequences of failing to return service of process. It was recommended that the complaint against Mr. Dethrow be dismissed without prejudice.

Subsequently, the District Judge allowed the complaint against Mr. Dethrow to continue. However, the Plaintiff was specifically warned that while the Court rejected the recommendation to dismiss the Plaintiff's claim for failure to prosecute, the Plaintiff was cautioned that any further failure to comply with the Court's orders or deadlines could result in dismissal of his actions (Docket Entry 23, p. 3).

The scheduling order was entered on November 7, 2016 (Docket Entry 51). The Plaintiff was warned that dispositive motions must be responded to by July 5, 2017, unless he was granted an extension. He was also warned that failure to respond to the dispositive motion and the statement of facts that accompanied the motion could result in the Court taking the facts alleged in the statement as true and granting the relief requested. he was also told that he could not just rely on his complaint, but must show that there was a material dispute of fact with citations to the record, affidavit, or other matters of evidence.

Following the close of discovery, Defendant Dethrow moved for summary judgment (Docket Entry 79) supported by a memorandum of law and statement of undisputed facts (Docket Entries 80 and 81). Additionally, they filed a declaration of Mr. Baines, who served as a classification coordinator at the detention facility (Docket Entry 82) where he stated that the Defendant was initially assigned a custody level of seven and classified as a medium custody inmate. He further state that inmates generally may be housed in any

3

housing unit where their level of classification is allowed. He stated that low custody inmates could be housed with other low custody inmates or with medium custody inmates. High custody inmates were housed with other high custody inmates or with medium custody inmates. This allowed medium custody inmates to be assigned to units with either low or high custody inmates. He stated that inmates were regularly moved among housing units as a security measure and as needed. He stated that during the relevant period the Plaintiff was always housed in a general population area that was designed for medium custody inmates.

A declaration of Mr. Darrell Jones, Unit Manager at the facility in question was filed as well (Docket Entry 83). He stated that during the time Plaintiff was assigned to Unit J the unit housed approximately 120 inmates divided between two floors (tiers). He stated that the inmates were released from their cells by tier, alternating in two hour increments. He stated that on the average an inmate would be out of his cell in Unit J for approximately six hours a day. The six hours would be curtailed by lock downs. However, during the time period the Plaintiff was assigned to Unit J, a lock down never lasted for more than four days. He stated that Unit J was not deemed restricted housing or a high security unit. Both high security and medium security inmates were assigned to the unit.

After the motion for summary judgment was filed the Court was notified by the Plaintiff of a change of address (Docket Entry

4

84). As a precautionary matter, because of the change of address notice, the undersigned entered an order (Docket Entry 86) on June 22, 2016, reminding the Plaintiff of the directions given previously (Docket Entry 51) and of the need to respond to a motion for summary judgment. The Clerk was directed to send the Plaintiff copies of the summary judgment motion and its related papers. The Plaintiff was specifically notified that he needed to respond to the motion by July 7, 2017.

The Plaintiff failed to request an extension of time or to in any way to respond to the motion for summary judgment to the date of this report and recommendation.

**LEGAL DISCUSSION**

The Magistrate Judge has carefully read the pleadings submitted by the Defendant Dethrow.[1] The Magistrate Judge believes that the Defendant is on sound legal ground.

The Plaintiff has not disputed the statement of uncontested facts, and accordingly, the Magistrate Judge adopts the statements as being accurate since they are supported by the evidence, including the statements of Messrs. Baines and Jones (Docket Entries 82 and 83).

The Plaintiff has simply not come forward with evidence to rebut the fact that he was assigned at all times to units that

---

[1] The Magistrate Judge does note a typo error on both Docket Entries 79 and 80 on page 2 of each document where they refer to "Crockett's lawsuit" against Dethrow. Clearly, this is a typo as they subsequently go on to identify Mr. Reed as the Plaintiff.

5

allowed the assignment of medium security inmates and he has not, other than the statement in his complaint, come forward with evidence that he was restricted for the greater part of his time in Unit J to his cell for 19 hours a day.

Additionally, even if the Plaintiff was restricted to 19 hours a day for a substantial portion of his assignment to Unit J, he has not shown that this is atypical or constituted a significant hardship. The Plaintiff has simply not established a protected liberty interest as required by *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Likewise, the Plaintiff has not shown that the Defendant Dethrow was deliberately indifferent to the Plaintiff's serious needs. The Plaintiff simply does not allege that the assignment to Unit J led to a deprivation of essential food, medical care, or sanitation and did not create other condition intolerable for prison confinement. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).

Additionally, the Plaintiff fails to allege any physical injury, much less a significant or serious physical injury as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). *Goforth v. Sumner County*, 2013 WL 1943020, *2 (M.D. Tenn. May 9, 2013). A copy of this opinion is attached at Docket Entry 80-1, p. 9-12).

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the case be dismissed with prejudice and that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 26th day of September, 2017.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge